## Toledo, Peoria & Warsaw Railway Co.

### *v.*

## Amos L. Merriman.

| 52 | 123 |
|----|-----|
| f98a | 1314 |

| 52 | 123 |
|----|-----|
| e200 | 639 |
| f200 | 640 |

1. Railroads—*of their liability for non-delivery of freight beyond their own lines.* A box of goods was delivered to a railway company, marked to a point beyond their own line of road. The bill of lading given therefor was called by the company their "through freight contract," acknowledged the receipt of the goods, and proceeded thus: "Which we promise to transport over the line of this railway, to the company's freight station at its terminus, and deliver to the consignee or owner, or to such company (if the same are to be forwarded beyond the limits of this railway,) whose line may be considered a part of the route to the place of destination of said goods, it being distinctly understood that the responsibility of this company as a common carrier shall cease at the station where such goods are delivered to such persons or carrier." And among the conditions printed in the bill of lading was this: "The responsibility of this company as a common carrier, under this bill of lading, to commence on the removal of the goods from the depot on the cars of the company, and to terminate when unloaded from the cars at the place of delivery." It appeared that freight received by this company as through freight, was never unloaded or delivered at

124          T. P. & W. R. R. Co. *v.* Merriman.   [Sept. T.,

Statement of the case.

their terminus, but proceeded on to its place of destination in the cars in which it was received: *Held*, that this was a "through freight contract," and the company were liable beyond the terminus of their own road.

Appeal from the Circuit Court of Peoria county ; the Hon. S. D. Puterbaugh, Judge, presiding.

This was an action of assumpsit, brought in the court below, by Merriman against the railroad company, to recover the value of a box of goods belonging to the plaintiff, shipped on the company's road at Peoria, in this State, to be carried to Washington, in the District of Columbia.

On the delivery of the goods to the agent of the company at Peoria, they being marked to the place of destination, a bill of lading was given, which, in its terms, was as follows :

TOLEDO, PEORIA AND WARSAW RAILWAY COMPANY'S
THROUGH FREIGHT CONTRACT.

*Wm. E. Main, General Freight Agent, Peoria, Illinois.*

Freight Offce, ———, 18—.

Received of ——— the following described packages in apparent good order (condition and contents not known), consigned as marked and numbered in the .margin, which we promise to transport (subject to the exceptions below,) over the line of this railway to the company's freight station at its terminus, and deliver in like good order to the consignee or owner, or to such company (if the same are to be forwarded beyond the limits of this railway), whose line may be considered a part of the route to the place of destination of said goods or packages, it being distinctly understood that the responsibility of this company as a common carrier shall cease at the station where such goods are delivered to such persons or carrier; but it guarantees on its part and on the part of other companies that the rate of freight for the transportation of said packages from the place of shipment to ——— shall not exceed ——— per 100 ℔s. or ——— per barrel, and $——— charges advanced by this company. *Provided,* That no carrier or company forming a part of the line over which said freight is to be transported will be responsible for demurrage or detention at its terminus or beyond on any part of the line, arising from any accumulation or over-pressure of business upon the following

CONDITIONS :

The owner or consignee to pay freight or charges as per specified rates upon the goods as they arrive by car loads.

Freight carried by this company must be removed from the station during business hours, on the day of its arrival, or it will be stored at the owner's risk and expense; in the event of its destruction or damage, from any cause, while in the depot of the company, it is agreed that said company shall not be liable to pay any damages therefor.

It is agreed and is a part of the consideration of this contract, that the company will not be responsible for leakage of liquors, breakage of glass or queensware, the injury or breakage of looking glasses, glass show-cases, picture frames, stoves, castings or hollow-ware, nor for injury to hidden contents or packages, nor for the loss of weight or otherwise of grain or coffee in bags, or rice in tierces, nor for the decay of perishable articles, nor for damages arising to articles carried, from the effects of heat or cold, nor for the loss of nuts in bags, or lemons or oranges in boxes, unless covered by canvass, or loss or damage to goods occasioned by Providential causes, or by fire from any cause whatever while in transit or at stations, or for loss or damage to articles or packages, the bulk of which renders it necessary to forward them in open cars.

Freight to be paid upon the weight by the company's scales, or according to table of weights in local tariff. All packages subject to charge for necessary cooperage.

The company not responsible for accidents or delays from unavoidable causes. The responsibility of this company as a common carrier, under this bill of lading, to commence on the removal of goods from the depot on the cars of the company, and to terminate when unloaded from the cars at the place of delivery.

In the event of the loss of any property, for which the carriers may be responsible under this bill of lading, the value or cost of the same at the point and time of shipment, is to govern the settlement of the same, and in case of loss or damage of any of the goods named in this bill of lading for which this company may be liable, it is agreed and understood that they may have the benefits of any insurance effected by or on account of the said owner of said goods.

Bills of lading will only be issued by this company after the actual loading of property into cars, and will not be considered valid unless the initial and number of each car containing the same is noted upon the bill.

On the trial, the superintendent of the defendants' road testified that the eastern terminus of their road was the State line between the States of Illinois and Indiana; that the company never undertook to carry goods beyond the terminus of their road at the State line—beyond that point it only agreed to deliver to the next connecting line. He testified the company had never given receipts for through freight other

than in the form mentioned.   The defendants' locomotives did not go beyond the State line; the through cars were put on a side track for the locomotives of the next connecting line to take on to their destination.   On cross-examination, the witness stated that, at the time the goods in question were shipped, the company were engaged in the business of shipping goods to points east of the State line; that in shipping through freight they generally sent it through in the same cars; did not change at the State line.

The trial resulted in a verdict and judgment for the plaintiff. The defendants appealed, and now insist they were not liable as common carriers beyond the terminus of their road at the State line, and it not being shown the goods were lost on defendants' road, the plaintiff can not recover.

Messrs. Bryan & Cochran, for the appellants.

Common carriers may restrict their duties and obligations by the course of their business.   And there is no obligation in a railway company to carry goods otherwise than according to their public profession.   2 Redf. on Rail. p. 116, 117; Ibid (2d ed.) 294.

In the absence of special contract, common carriers are bound only by usage and course of business, or to extent of their route, whether known to the employers or not.   *Van Stantvoord* v. *St. John,* 6 Hill, 157; *Hempstead* v. *N. Y. C. R. R. Co.* 28 Barb. 499; *U. S. Ex. Co.* v. *Rush,* 24 Ind. 407; *Nutting* v. *C. R. R. R. Co.* 1 Gray 502; Redf. on Rail. p. 101, n. 9; *Farm. & M. Bank* v. *Ch. Tr. Co.* 23 Verm. 186; *Jenneson* v. *C. & A. R. R. Co. supra*; *Angle* v. *M. & M. R. Co.* 7 Iowa, 493.

The law will not imply an agreement where the parties expressly make one.   *Expressum facit cessare tacitum.*   Story on Cont. sec. 15.

A bill of lading, receipt or ticket given by the carrier at the time of receipt of goods, to the owner or his agent,

and not objected to, is an express agreement between the parties as fully as if signed by both. *Baker* v. *M. S. & N. I. R. R. Co.* 42 Ill. 73; *N. J. St. Nav. Co.* v. *Merch. Bank*, 6 How. 382; *Ill. Cent. R. R. Co.* v. *Johnson*, 34 Ill. 393; *Ill. Cent. R. R. Co.* v. *Copeland*, 24 Ill. 338; *Dorr* v. *N. J. St. Nav. Co.* 1 Kernan 485; *West. Tr. Co.* v. *Newhall*, 24 Ill. 470; *Adams Ex. Co.* v. *Haynes*, 42 Ill. 94; 2 Pars. on Cont. 172; Ang. on Car. sec. 464, 223.

The taking of goods, by a common carrier, marked with an address beyond his route, will not create a contract to carry to their destination, if the receipt given at the time limits the liability to the carrier's own road. *D. & M. R. R. Co.* v. *F. & M. Bank*, 20 Wis. 122; *P. R. R. Co.* v. *Schwarzenberger*, 45 Pa. St. 208; *Steele & B.* v. *Townsend*, 37 Ala. 247; *U. S. Ex. Co.* v. *Rush*, 24 Ind. 403; *York Co.* v. *C. R. R. Co.* 3 Wallace, 107; *Foy* v. *T. & B. R. R. Co.* 24 Barb. 382; *Angle* v. *M. & M. R. R. Co.* 7 Iowa, 493; *Muschamp* v. *L. & P. R. Co.* 8 M. & W. 422, 429.

The English rule that common carriers who receive goods and book them for a certain destination, are liable as carriers for the entire route, although beyond their own roads, has not been adopted by the American courts. 2 Redf. on Rail. 101; Ibid (2d ed.) 282.

In the only cases in which this court expressed an opinion upon this subject, the point did not arise. *Ill. Cent. R. R. Co.* v. *Copeland*, 24 Ill. 338; *Ill. Cent. R. R. Co.* v. *Johnson*, 34 Ill. 389.

But, even by the English rule, the taking of goods by the carrier, directed to a place beyond his route, is only *prima facie* evidence of his undertaking, where he does not by positive agreement limit his responsibility. *Muschamp* v. *L. & P. R. Co.* 8 M. & W. 422, 429.

A common carrier may limit even his common law liability, by a receipt, bill of lading, or ticket. *Ill. Cent. R. R. Co.* v. *Morrison*, 19 Ill. 136; *Ill. Cent. R. R. Co.* v. *Smyser*, 38 Ill. 361; *Dorr* v. *N. J. St. Nav. Co.* 1 Kernan, 485; *Steele* v.

*Townsend,* 37 Ala. 247; *York Co.* v. *Cent. R. R.* 3 Wallace, 107; *Moore* v. *Evans,* 14 Barb. 524; *Parsons* v. *Monteach,* 13 Barb. 353 ; *Wells* v. *N. Y. C. R. R. Co.* 24 N. Y. 183 ; *N. J. St. Nav. Co.* v. *Merch. Bank,* 6 How. 382; 2 Redf. on Rail. p. 71, *et seq.* p. 77, &c.

A *fortiori,* may a railway company, when assuming the function of a common carrier, limit the route upon which it will so act, and the duties and responsibilities it will undertake beyond that route. 2 Redf. on Rail. pp. 78, 116; *F. & M. Bank* v. *Ch. Tr. Co.* 23 Verm. 186, 205; *U. S. Ex. Co.* v. *Rush,* 24 Ind. 403; *Angle* v. *M. & M. R. R. Co.* 7 Iowa, 493; *Jenneson* v. *C. & A. R. R. Co.* 4 Am. L. R. 234; *D. & M. R. R. Co.* v. *F. & M. Bank,* 20 Wis. 122.

The responsibility of the carrier, in the absence of special contract, arises from the duty attached by law to the office which he assumes. (2 Redf. on rail. p. 75, 76.) But the law does not impose upon a carrier, as such, any duty beyond the route to which he has restricted his course of business. (Ibid p. 78, 116.) The reason upon which the law is founded ceasing, the law itself ceases.

Mr. D. McCulloch, for the appellee.

The liability of the company under the common law, as held in this State, was, to transport the goods to the place of destination. *Ill. Cent. R. R.* v. *Copeland,* 24 Ill. 338; *Ill. Cent. R. R.* v. *Johnson,* 34 Ill. 389 ; *Baker* v. *Mich. South. R. R.* 42 Ill. 73 ; *Adams Ex. Co.* v. *Haynes,* 42 Ill. 89 ; *West. Transp. Co.* v. *Newhall,* 24 Ill. 466.

Mr. Chief Justice Breese delivered the opinion of the Court :

This was an action of assumpsit, brought to the Peoria circuit court by Amos L. Merriman against the Toledo, Peoria & Warsaw Railway Company, for failing to deliver certain

goods and chattels of the plaintiff, to be carried by the defendants to the city of Washington.

The goods delivered to the defendants' agent at Peoria, were placed in a box marked to the plaintiff at Washington, in the District of Columbia, and for which a receipt, or bill of lading was made out and delivered to the plaintiff's agent at Peoria. The goods failed to reach their destination.

The defense was, that they were not liable as common carriers beyond the terminus of the defendants' road, which was at the State line, and, as it was not shown the loss happened on defendants' road, the plaintiff could not recover.

This defense is utterly groundless, as the receipt, or bill of lading, offered in evidence, shows upon its face it was a " through freight contract," and it was in proof by the defendants' agent that freight received by this company as through freight, was never unloaded or delivered at their terminus, but forwarded on to its place of destination in the cars in which it was received. It is idle, then, for the defendants to claim this was not a through contract, and that their liability did not extend beyond the terminus of their own road.

The defendants must perform their contract, or show some valid excuse for non-performance. None is shown in this case. The plaintiff's right to recover the value of his goods cannot be questioned. This the jury have allowed him. We see no reason to disturb the verdict, and the judgment thereupon must be affirmed.

*Judgment affirmed.*