## Elgin, Joliet & E. Ry. Co. v. Bates Machine Co.

· 98    311|
a200s 636|

1. COMMON CARRIERS—*Power to Limit Their Liability—Through Freight.*—It is lawful for a railroad company as a common carrier to contract with a shipper of freight to points beyond its terminus, to limit its liabilities to injuries occurring upon its own line of road, but in the absence of such limitation its liability will extend to injuries occurring upon the lines of other roads beyond the terminus of its own.

2. SAME—*Acceptance of Through Freight.*—The acceptance by a common carrier, for transportation, of freight to a place beyond the terminus of its own line, and its receipt given for the same, constitute a *prima facie* contract to carry and deliver such freight to the place of its destination.

3. *When the Receipt by the Shipper of a Bill of Lading Does Not Constitute a Contract.*—The mere receiving of a bill of lading without notice of restrictions upon the common law liability of the carrier, therein contained, does not amount to an assent to such restrictions so as to make them binding upon the consignor.

4. SAME—*Burden of Showing that the Consignor Assented to the Limitations.*—A carrier seeking to avoid liability under a clause contained in a bill of lading limiting its liability, has the burden of showing that such restrictions were assented to by the consignor.

5. SAME—*May Refuse to Receive Freight Not Properly Prepared for Shipment.*—When freight offered to a common carrier is not properly prepared for shipment, such carrier may decline to accept it, or may properly prepare it for shipment, itself.

Action to recover the value of freight ruined in transportation. Appeal from the Circuit Court of Will County; the Hon. JOHN SMALL, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 15, 1901.

J. L. O'DONNELL, attorney for appellant.

GARNSEY & KNOX, attorneys for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This was a suit by appellee against appellant to recover the value of a fly-wheel shipped on appellant's road from Joliet, Illinois, and consigned to Louisville, Kentucky. The wheel was ruined in transit.

A jury was waived. There was a finding and judgment for plaintiff for $1,200. The appellant interposes two defenses. The first is that by the terms of the contract of shipment its liability was limited to the time the fly-wheel was on appellant's own line of road; the second is that the wheel was broken by reason of the negligent and unskillful manner in which it is alleged to have been loaded, supported and fastened upon the car by the appellee.

The fly-wheel weighed twenty tons. It was loaded upon a flat car of appellant. At Dyer, Indiana, the car was delivered by appellant to the Monon road, by which company it was taken to its destination at Louisville, Kentucky, where it was discovered that the wheel was broken and totally destroyed in value.

We are of the opinion from the evidence that the injury to the wheel did not occur while the car was upon the line of the appellant's railroad.

It was lawful for appellant to contract with appellee to limit its liability to injury occurring upon its own line of road.

In the absence of such limitation its liability would extend to injuries occurring upon the lines of the Monon.

The material inquiry upon this branch of the case therefore is, did the contract of shipment make such limitation? We hold that it did not.

The bill of lading is the contract. It is as follows:

"JOLIET, ILL., July 14, 1899.

Received from Bates Machine Company, by the E. J. & E. C., G. & L. R. R. in apparent good order, except as noted, the packages described below (contents and value unknown), marked and consigned as indicated, which said company agrees to transport with as reasonable dispatch as its general business will permit, to destination, if on its road, or otherwise to the place on its road where same is to be delivered to any connecting carrier. Through rate of freight as designated below is hereby guaranteed by this company. Rate fifteen cents per cwt., Joliet, Ill., to Joliet via Louisville, Ky.

Consignee.    Destination and Marks. Description.    Weight
                                                           Subject to
                                                           Correction.

Hope Worsted
   Mills Co.      E. J. & E.              Car No. 1528 ⎫
                     "                            117  ⎬ 48000
Louisville, Ky., Stat'y Eng's                          ⎭
                  O. & L. S. L. & C.
                         P. L. McMANUS, Agent."

An examination of the bill of lading issued by appellant discloses the fact that the destination was Louisville, Kentucky, not Dyer, Indiana; that the rate was an entire one from the place of shipment to the destination. When we consider the great weight of the wheel, the difficulty as well as danger of unloading, together with the fact that it was delivered at Louisville on the car of appellant on which it was loaded at Joliet, we are impelled to the conclusion that it was the intention and understanding of the parties that the wheel should not be unloaded at Dyer, Indiana, and transferred to a car of the Monon or any other connecting line at that point. The bill of lading contains no specified rate beyond the line of the appellant. When the car left Joliet over appellant's road the appellee had no further control over it, nor voice in determining to what railroad it should be delivered. That was all under the control of, and to be determined by, the appellant.

We are unable to find any language in the bill of lading limiting the liability of the appellant to injuries occurring upon its own lines.

In the case of T. P. & W. R. R. Co. v. Merriman, 52 Ill. 123, Mr. Chief Justice Breese, speaking for the court, said :

" This was an action of assumpsit, brought to the Peoria Circuit Court by Amos L. Merriman against the Toledo, Peoria & Warsaw Railway Company, for failing to deliver certain goods and chattels of the plaintiff, to be carried by the defendants to the city of Washington.

The goods delivered to the defendants' agents at Peoria, were placed in a box marked to the plaintiff in Washington, in the District of Columbia, and for which a receipt or bill of lading was made out and delivered to the plaintiff's agent at Peoria. The goods failed to reach their destination.

The defense was, that they were not liable as common carriers beyond the terminus of the defendants' road, which was at the State line, and, as it was not shown that the loss happened on defendants' road, the plaintiff could not recover.

This defense is utterly groundless, as the receipt, or bill of lading, offered in evidence, shows upon its face it was a 'through freight contract,' and it was in proof by the defendants' agent that freight received by this company as through freight, was never unloaded or delivered at their terminus, but forwarded on to its place of destination in the cars in which it was received. It is idle, then, for the defendants to claim this was not a through contract, and that their liability did not extend beyond the terminus of their own road."

In C. & N. W. Ry. Co. v. Simon, 160 Ill. 648, it was held that the acceptance by a common carrier, for transportation, of goods marked to a place beyond the terminus of its own line, and its giving a receipt therefor, constitute a *prima facie* contract to carry and deliver at the point so marked; that the mere receiving of a bill of lading without notice of restrictions upon the common law liability of the carrier therein contained does not amount to an assent to such restrictions, making them binding upon the consignor; that a carrier seeking to avoid liability under a clause limiting its liability, contained in a bill of lading, which constitutes a contract, has the burden of showing the restrictions of its common law liability were assented to by the consignor.

If the bill of lading in this case contained the limitation claimed it would be unavailing, as the evidence fails to estab-

lish any assent on the part of appellee to release appellant from its common law liability to deliver the wheel safely at Louisville.

The second defense relied upon was an issue of fact. It is claimed by appellant that the injury to the wheel was caused by the negligent manner in which it is alleged to have been loaded, supported and fastened upon the car by appellee. There is a conflict in the evidence upon this issue and we can not say that the finding of the trial court, which was adverse to the appellant, was not supported by the preponderance of the evidence. Moreover, if the wheel was not properly prepared for shipment, it was apparent to appellant and it should have refused to accept it or prepared it itself. R. R. Co. v. Swift, 12 Wall. (U. S.) 262.

There is no contention that the damages are excessive. Finding the record free from error the judgment of the Circuit Court will be affirmed.