## FORDYCE v. McFLYNN.

### Opinion delivered July 1, 1892.

1. *Railway—Liability as carrier of live stock.*

   A railroad which undertakes to transport live stock is liable as a common carrier, though the shipper agrees to furnish the cars and to load and unload them entirely.

2. *Injury to stock—Shipper's negligence in loading.*

   A carrier which relied upon the undertaking of a shipper of live stock to load and unload them will not be liable for an injury to the stock occasioned by the negligent manner in which the loading was done, though there was a general duty resting upon the carrier to see that they were properly loaded.

Appeal from Ouachita Circuit Court.

CHARLES W. SMITH, Judge.

Samuel McFlynn and G. W. Hall sued S. W. Fordyce and A. H. Swanson, receivers of the St. Louis, Arkansas & Texas Railway Co., to recover the value of a lioness which escaped while being carried on defendant's road and was killed.

Plaintiffs were the owners of a circus outfit, and had made a written contract with defendants whereby it was agreed that defendants should, at a stipulated rate, fur-

nish transportation over their road for the show, consisting of one stock car, one box car, three flat cars and one passenger coach, said equipment to be furnished by the plaintiffs. It was further agreed "that the six (6) cars above described shall be transported on regular freight trains of the railway company, except where extra trains are run, and it is convenient to both parties to this contract for the transportation to be performed by such extras. This agreement further provides that the party of the first part (the railway company) shall not be held liable for any loss, damage, delay, or any inconvenience that may result from such transportation. The cars above referred to are to be placed on switches by the said party of the first part at convenient places to load and unload, and are to be equipped by the owners thereof as required by the rules and regulations of the railway company. It is also understood and agreed that the cars are to be loaded and unloaded entirely by the said party of the second part."

On the night of October 20, 1890, plaintiffs loaded their circus outfit at Camden. The cage containing the lioness was placed, with other cages, on one of the flat cars, about its center. At a bend of defendant's railway a coal chute was being constructed. Some of the cap-sills, which had not been sawed off, extended within 18 inches of the stringer of the railway track. The door of the cage was struck by a cap-sill and torn off. The lioness escaped, and a few minutes afterwards was killed. No other injury was done to any of the cars of the train. A witness, who made an examination next morning, testified that, sighting down the train to see if anything projected, he found this car the most prominent, and the cage projected over the car. The conductor of the train testified that he was in charge of the train on the occasion of the escape of the lion, and that it was his duty to

examine all trains before moving out, and that he examined this one and did not refuse to move it.

At the request of the plaintiffs, the following instructions were given: "(1)  The jury are instructed as a matter of law that a railroad cannot lawfully contract for exemption from responsibility, in the carrying of freight or animals, for the negligence or carelessness of itself or its servants, and if they find from the evidence that the lion was lost to plaintiffs without any negligence on the part of plaintiffs, but by the negligence or carelessness of defendant or its agents, they must find for the plaintiffs the value of the lion as proven, notwithstanding the contract offered in evidence in this case. (2)  If the jury find from the evidence that it was the duty of the conductor to examine the train before starting, and ascertain if the same was properly loaded, and, in the event it was not properly loaded, to have it corrected, and that he did so examine and found no fault, then no fault can attach to plaintiffs for want of proper loading. (3)  If the jury find from the testimony that plaintiffs were the owners of the flat car and other rolling stock in the train, and by special contract with defendants were to equip, load and unload the same, and that servants of plaintiffs were by said contract to travel on cars with the property of plaintiffs, and that by said special contract the defendants were released from liability for any loss, damage, delay, or inconvenience resulting from the transportation over their road of the plaintiffs' said cars and show outfit, they will find for defendants, unless they further find that defendants were guilty of negligence in the fulfillment of their contract."

The court refused to give the following instructions requested by defendants: " (1)  If the jury find from the testimony that plaintiffs were owners of the flat car and other rolling stock in the train, and, by special con-

tract with defendants, were to equip, load and unload the same, and that servants of plaintiffs were, by said contract, to travel on cars with property of plaintiffs, and that, by said special contract, the defendants were released from liability for any loss, damage, delay, or inconvenience resulting from the transportation over the road of the plaintiffs' said cars and show outfit, they will find for the defendants, unless they further find that defendants were guilty of gross negligence in fulfilling their part of the contract. (3) If the jury believe from the testimony that plaintiffs were the owners of the cars transporting their menagerie and show, and in person or by their employees were in charge of the animals and other property, and under special contract with defendants to load and unload said cars, and by said contract defendants were released from all liability from loss, damage, delay, or inconvenience to plaintiffs in transporting said cars, they will find for defendants."

The jury returned a verdict for plaintiffs in the sum of $1500, and judgment was entered accordingly. Defendants have appealed.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. Appellant does not occupy the relation of common carrier to appellees. Lawson, Cont. of Car. sec. 16; Mansf. Dig. secs. 5475–6; 46 Ark. 236. The liability of a private carrier only applies in this case. 16 A. & E. R. Cases, 194; 18 *id.* 542–4; 29 Am. Rep. 435; 41 *id.* 141.

2. There was no negligence in this case on part of appellant. 39 Ark. 148; 16 Am. & E. Enc. Law, 389 and note.

3. The appellees undertook to do their unloading; and if the accident happened through the fault of their own employees, appellant is not liable. The contract relieved the conductor of the duty of seeing that the cars were properly loaded.

*Thornton & Smead* for appellees.

1.  Carriers of live stock are liable as common carriers. Redfield on Rys. vol. 2, p. 4; Wood, Ry. Law, p. 10; Story, Bailments, sec. 495; Lawson, Cont. Carriers, p. 3; 79 U. S. 262; Hutch. Car. p. 175. Being common carriers, they cannot legally contract for exemption from responsibility for the negligence of themselves or servants. 84 U. S. 384.

2.  As to the liability of the company for negligence, see Cooley, Torts, p. 630; Whitaker's Smith on Negl. p. 1; 84 U. S. 384; 7 Am. Rep. 540; 91 U. S. 394; 24 N. Y. 106.

**1. Liability of carrier of live stock.** HEMINGWAY, J. That carriers of live stock are liable as common carriers, was decided by this court in the case of *St. Louis, I. M. & S. Ry.* v. *Lesser*, 46 Ark. 236, and is, as we think, sustained by the authorities. Hutch. Carriers, sec. 221, and cases cited. No argument can, therefore, have force that rests upon a contrary assumption. The contract in this case was a contract of carriage and not of hiring, and the liability of the receivers must be determined by the law governing the former relation. *Mallory* v. *Tioga Ry. Co.* 39 Barb. 488; *Gracie* v. *Palmer*, 8 Wheaton, 605. The case of *Coup* v. *Wabash R. Co.* 18 A. and E. Ry. Cas. 542, relied upon by appellant as leading to a different conclusion, arose out of a contract materially unlike the one in this case; and, besides, the court which decided it holds that a carrier of animals is a private and not a public carrier. *Mich., etc., Ry.* v. *McDonough*, 21 Mich. 165; *Lake Shore R. Co.* v. *Perkins*, 25 *id.* 329. And as that court takes that side of the question, its decision in a case depending upon it could have little force as an authority in this State, where the opposite view is taken. Under this view of the law, it follows that the court properly gave the first and third instructions on part of the plain-

tiff, and properly refused the first and third of the defendants.

The only other question presented upon the instructions is as to the giving of the second on behalf of the plaintiffs. By the terms of the contract, the plaintiffs undertook to furnish and load the cars for the carriage of their animals ; they thereby represented themselves as competent to do the entire work of loading; and if they did it carelessly and thereby caused the injury complained of, the defendants would not be liable, although it appeared that there was a general duty resting upon the conductor to examine trains under his control and see that they were properly loaded. If such duty existed generally, its performance in this case was excused by the plaintiffs. And if the conductor, relying upon their professed competency and the careful performance of their undertaking, refrained from making the examination necessary to detect their incompetency or neglect, the carrier is not liable for injuries occasioned by either. *St. Louis, etc. Railway Co.* v. *Weakly,* 50 Ark. 397. Under this view, it is our opinion that the instruction was erroneous, and should not have been given. The appellee insists that, although this instruction be erroneous, it is no ground for reversal, because there could have been no other finding than a verdict for plaintiff. We are unable to say that no other finding could have been reached, and think the case should be submitted to a jury, upon proper instructions, to determine whether the injury was attributable to the negligence of the plaintiffs or of the defendants.

For error in giving the second instruction on part of plaintiffs, the judgment will be reversed, and the cause remanded.

2. Carrier not responsible for shipper's negligence.