# Greene v. Louisville & Nashville R. R. Co.

## *Destruction of Property by Fire.*

(Decided Nov. 18, 1909.  50 South. 937.)

*Carriers; Goods; Delayed Transportation; Fire.*—When a carload of lumber has been made ready for shipment and notice thereof given to the carrier, the failure of the carrier to move the lumber within a reasonable time, renders it liable for the loss of the lumber destroyed in the burning of adjacent property without fault of the carrier.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

.Action by Frank S. Greene against the Louisville & Nashville Railroad Company, for damages, for the destruction of a carload of lumber by fire. Judgment for defendant and plaintiff appeals. Reversed and remanded.

BESTOR, BESTOR, & YOUNG, for appellant.—The complaint was not subject to the demurrer interposed. Where property is made ready for shipment and notice is given to the carrier who delays for several days forwarding the same, the carrier is liable to the shipper although the goods were destroyed by an agency foreign to the carrier.—*L. & N. v. Gidley,* 119 Ala. 523; *A. G. S. v. Quarles, et al.,* 145 Ala. 436; *A. G. S. v. Elliott,* 43 South. 738; 30 N. Y. 64; Id. 630; 7 Am. 345.

GREGORY L. & H T. SMITH, for appellee.—The judgment of the circuit court will not be reversed if the complaint did not show a cause of action.—*Southern Ry. v. Bunt,* 131 Ala. 596; *C. of G. v. Freeman,* 134 Ala. 357. Counsel then discuss the complaint and in-

sist that it did not show a cause of action, and the court properly sustained demurrers thereto, but cite no authority in support of their contention.

McCLELLAN, J.—The appellant grounds this action for damages upon this omission of the appellee: In "wholly and carelessly" neglecting and "negligently" failing, "as was its (appellee's) duty in the premises," to remove, after notice and request to do so, a car of lumber belonging to appellant, in consequence of which breach of duty, it is averred, the lumber was destroyed in a fire that consumed the mill of Crescent Lumber Company, whereat, or near which, the car was loaded, and at or near which the stated negligent omission of appellee permitted the car of lumber to remain and be destroyed. The only ground of demurrer assigned was that the "complaint shows that the negligence of the defendant complained of was not the proximate cause of the injury sued for." It is insisted by counsel for appellee that no prejudicial error could have attended the sustaining of the demurrer, because the complaint states no cause of action.

We cannot approve this contention. That it is the duty of a carrier to exercise due care and to employ reasonable diligence in the forwarding of goods committed to it for conveyance cannot be doubted. The complaint expressly avers that the duty of the defendant in the premises was to move said car, that notice and request so to do was communicated to defendant, and that defendant negligently omitted the performance of that duty, in consequence of which the lumber was destroyed. The argument that in the complaint no destination for the car is averred, no place whereto the defendant was obligated within its duty to remove the car, might (though we are not now invited to decide it) be in point,

if a ground of demurrer had been interposed raising that objection to the complaint. It is sufficient to conclude that the complaint avers, expressly, a duty in its breach, and injury in consequence thereof. If the averment of these ordinarily essential elements in the statement of a cause of action are imperfect, demurrer should have been employed to point out the defects. Under the principles announced and applied in *L. & N. R. R. Co. v Gidley,* 119 Ala. 523, 24 South. 753, and *A. G. S. R. R. Co. v. Quarles,* 145 Ala. 436, 40 South. 120; and the very recent decision in *A. G. S. R. R. Co. v. Elliott,* 150 Ala. 381, 43 South. 738, it must be held that the demurrer was erroneously sustained. The complaint makes a case where the carrier was culpable in its failure to move the car in question, and under such circumstances the destruction of the goods by fire, even though communicated without the carriers' other fault, will be traced in causation to the concurrent causes afforded by the fire and negligent delay in the performance of the duty of removal.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.