# Atlantic Coast Line R. R. Co. *v.* Rice.

*Action for Damages for Loss of Dogs.*

(Decided April 21, 1910.   Rehearing denied June 30, 1910.
52 South. 918.)

1. *Carriers: Goods; Loss or Injury; Liability.*—Other than those legally possible of creation by special contract, the only exception to the exacting common law liability of a carrier of goods, are the acts of God and the public enemy, and then only when no negligence of omission or commission concurred therewith.

2. *Same; Animals; Liability; Damage.*—A carrier is an insurer against loss or damages to a wild animal received for shipment such as do not arise from acts of God or the public enemy, or from the nature and propensity of the animal against which due care could not provide, unless a proper contract limiting its liability is entered into.

3. *Same; Burden of Proof.*—The burden is on the carrier to trace the loss or damage to the negligence of the shipper or one or more of the exceptions with which its negligence did not concur, in order to escape liability for loss or damage of a consignment received by it.

4. *Same; Duty to Transport.*—A common carrier is generally bound to receive and properly carry all goods that are properly offered for that purpose.

5. *Same; Acceptance; Liability for Loss.*—Where a carrier accepts goods improperly packed, if their condition was open to ordinary observation, it becomes its duty to use due care for their safe carriage, and it is subject to all the liability ordinarily attaching to an ordinary shipment of the same character.

6. *Same; Duty to Accept; Examination.*—The carrier has a right to inspect goods offered for shipment and to refuse them when not in fit condition for safe transportation, and if ordinary observation would discover their unfitness, it is the duty of the carrier to refuse to receive them so that the shipper may put it in fit condition for transportation.

7. *Same; Loss of Live Stock; Contributory Negligence of Owner.*—Contributory negligence only is not available in an action by the owner against the carrier. for loss or damage to live stock, and the fact that a shipper of dogs delivered them to a carrier in a crate which was insufficient, so that a dog escaped, was not negligence exonerating the carrier.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

Action by Julian M. Rice against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint in substance alleged that the plaintiff bought a ticket at Kissimmee, Fla., to Montgomery, Ala., paying therefor $1.75; that he presented the ticket at Kissimmee, together with the crate containing two dogs, and that the agent delivered him a check for said crate, charging him the excess therefor, from Kissimmee to Montgomery; that when he delivered the crate to defendant's agent it contained two dogs; and that when he presented his check at Montgomery, and the crate was delivered to him, one of the dogs had escaped. Plea 3 was as follows: "For further answer defendant says the plaintiff presented for transportation two dogs in a box which was locked, and to which plaintiff had and retained the key, and that defendant accepted said box containing said dogs in the condition it was offered at the time of its delivery by plaintiff, to wit,

for carriage, and that while the said box was in the same condition as when presented to and accepted by defendant, the dog, for a failure to deliver which this action is brought, escaped from said box and from the car of this defendant, in which it was being transported without fault on the part of this defendant, its agents or servants. This defendant therefore pleads that the escape and loss of the dog was wholly due to the fault of the plaintiff, and not to any fault of this defendant, its agents or servants."

JOHN R. TYSON, and A. H. ARRINGTON, for appellant. The court erred in sustaining demurrers to plea 3.— *McCarthy v. L. & N.*, 102 Ala. 193; 1 Hutchison on Carriers, 333; 9 Cyc. 380; *S. & N. v. Henlein*, 52 Ala. 606; *Central R. & B. Co. v. Smither*, 85 Ala. 47. And besides all this the defendant without conflict proved his plea 2, and was therefore entitled to a verdict.—*McCarthy v. L. & N., supra; Richardson v. Western Ry.*, 7 L. R. A. 75; *Cohn v. Platt*, 95 N. Y. Supp. 536.

FRED S. BALL, and FRANK STOLLENWERCK, JR., for appellee. There was no error in the action of the trial court.— *K. C. M. & B. v. Haigler*, 94 Ala. 286; *Steele v. Townsend*, 37 Ala. 247; 63 Am. St. Rep. 563; *Sullivan v. The State*, 67 Miss. 354. This case is differentiated from the case of *McCarthy v. L. & N.*, cited by the appellant in that, in this case, the goods and their preparation were open to ordinary observation, while in the other case, the goods were loaded into a closed car by the shipper with no duty of inspection upon the carrier.

McCLELLAN, J.—The action is for breach of a contract between appellee (plaintiff) and the appellant,

a common carrier, to transport and deliver a dog from a point in the state of Florida to appellee at Montgomery, Ala.

Plea 3, which will bet set out in the report of the appeal, avers, in substance, that the dog escaped, in transit, from the locked crate, appellee having the key, in which it was when delivered to the carrier by the appellee, and from the appellant's car, without fault of the carrier; and that the crate or box was delivered to appellee at Montgomery in the same condition as when received by the carrier at the initial point in Florida; and concludes that the loss of the dog was wholly due to the fault of the appellee. It is necessarily inferable from the averments of the plea that the escape of the dog from the crate or box was effected through an opening therein.

Whatever may have been, or may be, the opinion elsewhere prevailing, it is settled with us that a carrier, undertaking to transport and deliver live animals, is subject to the same responsibilities, with respect thereto, as in ordinary cases of goods received for transportation by a common carrier, except it is not accountable for, and does not assume the risk of, loss or damage of live animals "arising from their nature and propensities, and which could not be prevented by foresight, vigilance, and care."—*Central Railroad v. Smitha & Chastain,* 85 Ala. 47, 4 South. 708; *South & N. R. R. Co. v. Henlein,* 52 Ala. 606, 23 Am. Rep. 578; *Western R. Co. v. Harwell,* 91 Ala. 340, 8 South. 649. The exceptions, aside from those legally possible of creation by special contract, to the exacting common-law liability of a common carrier in the carriage of goods, are the acts of God and of the public enemy, where no negligence, of omission or commission, concurred therewith to produce the damnifying result.—Authorities supra; *Steele*

*v. Townsend,* 37 Ala. 247, 79 Am. Dec. 49; *McCarthy v. L. & N. R. R. Co.,* 102 Ala. 193, 14 South. 370, 48 Am. St. Rep. 29; *Green v. L. & N. R. R. Co.,* 163 Ala. 138, 50 South. 937. In short, in the absence of contract limiting liability, the rule here is that a common carrier, in cases of loss or damage to live animals received for shipment, is an insurer against such loss or damages as do not arise from the act of God, the public enemy, and those arising from the nature and propensities of the live animals so received for transportation, and against which due care could not provide. And to avail in exoneration of legally unmodified liability of the common carrier for the loss or damage of a consignment received by it, the burden is on the carrier to trace the loss or damage to negligence of the shipper, or to one or more of the exceptions, with which its negligence did not concur.—Authorities supra.

Counsel for both litigants construe plea 3 as asserting, when reduced to legal formula, that where the shipper of a live animal crates or boxes it, the shipper, and not the common carrier, assumes the risk of escape of the animal therefrom if such escape results from the nature and propensities of the animal. To state the matter otherwise: That where such live animal is crated or boxed by the shipper and escapes therefrom, after reception by the carrier, as the result of natural propensity, the shipper, and not the carrier, is negligent.

It is not contended that the carrier was ignorant of the character of the shipment. The carrier affirms, by the plea as constructed by counsel, and the shipper (here) denies, by his demurrer thereto, the correctness of the proposition. The gist of the argument in negation of the soundness of the proposition is that the carrier by receiving the animal so crated or boxed, assumes the risk of the sufficiency of the inclosure,

else it should refuse to receive the subject of the shipment if ordinary observation would disclose its insufficiency. On the other hand, the gist of the argument in affirmation of the proposition is that by offering a self-contrived inclosure for the live animal the shipper relieves the carrier of any duty to overlook the inclosure with a view to restraining the natural propensity of the animal to leave confinement in the crate or box. Without considering or treating the plea as asserting, well or ill, any other matter of defense than that which counsel for both parties ascribe to it, we will decide only the question raised below and argued here.

Subject to the exception, among others not now necessary to enumerate, that it may properly refuse to accept for transportation goods "tendered in an unfit condition" therefor, a common carrier is duty bound to transport all goods that are properly offered for that purpose.—4 Elliott on R. R., § 1466; 1 Hutchinson on Carriers, §§ 143, 145. While the carrier may refuse to accept goods improperly packed, yet if it accepts them in that condition—a condition open to the ordinary observation—"the duty attaches of exercising due care for its safe carriage."—*Union Ex. Co. v. Graham*, 26 Ohio St. 595; *E. J. & E. Ry. Co. v. Bates Machine Co.*, 98 Ill. App. 311, 315; *Hannibal R. R. v. Swift*, 12 Wall. 262, 272, 20 South. 423; 4 Elliott on R. R., § 1466, p. 154; *Munster v. S. E. Ry. Co.*, 4 C. B. N. S. 676. Mr. Elliott, at the citation last made from his work, says: "If goods which may be properly rejected are actually, not merely constructively, accepted for carriage, the common carrier's liability attaches."

In the case of *Hannibal Railroad v. Swift, supra,* the Supreme Court dealt with this state of fact: An army surgeon was en route under orders, with a part of the command to which he was attached, from South Dakota

to Cincinnati. At St. Joseph, Mo., it was necessary to use appellant's line of road across to Hannibal, in that state. Along this line of road the country was represented by appellant's servants as being in a state of insurrection dangerous to persons and property on its trains, and, on this ground, refused to engage at St. Joseph for the transportation of troops, their equipment and the personal effects of the appellee, Swift, to Hannibal. On demand of the commanding officer the appellant furnished the required transportation for troops, baggage, etc., including the chattels of the appellee, and the effects of the plaintiff were loaded in a car by the troops. The appellant's agents took charge of the car after it was loaded and locked up by the commanding officer, and placed it in the train. These agents had nothing to do with the selection, loading, or packing of the car. En route the car was burned, and with it appellee's effects. The court, through Justice Field, said: "* * * The liability of the carrier attached when it thus took possession of the property. No objection was made at the time to the selection of a separate car for the baggage and other property of the troops and the plaintiff, or to the kind of property offered for transportation, or to the manner in which the property was packed. * * * If objection existed on any of these grounds, or on any ground not concealed but open to the observation of the company, it should have been stated before the property was received. The company might then have insisted, as a condition of its undertaking the transportation, upon the selection of a different car, or upon superintending its loading. * * * Not having thus insisted, but having received the property and undertaken its transportation in the car in which it was placed, the company assumed, with respect to it, the ordinary liabilities of a common carrier. * * * The common carrier is

regarded as an insurer (subject to exceptions, we interpolate) of the property carried, and upon him the duty rests to see that the packing of the conveyance is such as to secure safety. The consequences of his neglect in these particulars cannot be transferred to the owner of the property." For the value attached to the decision as authority, see 7 Rose's Notes, pp. 542, 544.

We think it can be safely ruled, in accord with *Hannibal R. R. v. Swift* and the other texts and decisions cited, that, first, the carrier has the right to inspect proffered shipments and to refuse their ° acceptance when not in fit condition for transportation; second, that, if unfit for shipment, and ordinary observation would discover that fact, it is the duty of the carrier to refuse the shipment, in order that the shipper may, if he can, conform the shipment to a fit condition for transportation; and, third, that the acceptance of a shipment for transportation, without qualification or dissent in respect of the fitness of its condition for that purpose, subjects the carrier to all the liabilities ordinarily attaching to an accepted shipment of the character to which that shipment belongs.

In this instance—that shown by the complaint and by plea 3—the character of the shipment, viz., live animals in a box or crate, and their natural propensity to escape confinement, were known to appellant's servants. The tender for transportation was of these animals, and not, primarily, of the box or crate which was but a means to conserve convenience of custody and handling and the safety of the animals with it. If the dog had been leashed with cords attached to a heavy block, there would have been, in principle, no difference. If that had been the means employed, the carrier could not, after acceptance of the shipment, have answered, when impleaded for the loss or injury of the animal,

that the cord was too sleazy to serve the purpose, and hence that the shipper was negligent in that regard, with the result that he could not recover for the loss or injury. That this is true is demonstrated, we think, when the announcement of duty in *Central R. R. v. Smitha & Chastain,* by way of approving quotation from *Penn. v. B. & E. R. R. Co.,* 49 N. Y. 204, 10 Am. Rep. 355, is considered, viz.: "* * * They are not insurers of animals against injuries to animals arising from their nature and propensities, *and which could not be prevented by foresight, vigilance, and care."* (Italics supplied.)

It will be observed that this court did not conclude, in the quotation, to the common carrier's exoneration solely upon the ground that the injury arose from the nature and propensity of the animal. That, alone, will not suffice to exonerate the carrier in case of loss to a live animal after acceptance for transportation. The natural propensity of the animal that may lead to injury or loss must be anticipated "by foresight, vigilance and care," if the transportation thereof is undertaken. The very statement of the rule of duty—to exonerate—precludes any right of the carrier to transfer the consequences of its neglect in this regard to the shipper.—*Hannibal R. R. v. Swift, supra.* Being bound in duty, as *Central R. R. v. Smitha & Chastain* defines it, it would be obviously illogical—an immediate qualification of the duty declared—to close the responsibility of the carrier for restraint thereof against natural propensity to escape when the shipper tenders and the carrier accepts a live animal, boxed and crated, for transportation. The carrier may, in a proper case, refuse a shipment where in unfit condition for transportation. If so, it must be a necessary consequence that, having accepted the shipment, as tendered, its duty is unmodified

by the character, sufficiency or insufficiency, open to observation, of the packing of the shipment so received for transportation. It follows, of course, that the insufficiency of the crate or box from which the dog escaped, for the purpose here disclosed, was not negligence exonerating this carrier. There is no such thing as contributory negligence in cases of this character (*McCarthy v. L. & N. R. R. Co.*, 102 Ala. 193, 14 South. 370, 48 Am. St. Rep. 29) for the satisfactory reason that if negligent at all in the loss of or damage to goods committed to a common carrier for its service the carrier is liable, the plea of contributory negligence being one of confession and avoidance.

The demurrer to plea 3, on the theory respectively asserted and denied by counsel, was properly sustained. on like considerations to those inducing our conclusion as respects plea 3, the demurrer to replication 2 was well overruled.

A careful review of the evidence, especially with reference to the material averments of plea 2, which counsel for appellant insist were proven without dispute, does not convince this court that the court below (the trial was without jury) reached an erroneous conclusion as upon the facts and circumstances in evidence.

The allegation in the complaint of the sum paid was under the videlicet, and hence the insistence, for appellant, of variance in respect of the sum alleged and that proven cannot prevail.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.